Filed 5/2/16  P. v. Atencio CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| THE PEOPLE, | C078602 |
| Plaintiff and Respondent, | (Super. Ct. No. CM041963) |
| v. | |
| ANGELO ANTENCIO, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Having reviewed the record as required by *Wende*, we affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)  The factual basis was taken from the probation report, as stipulated by the parties.

On October 1, 2014, an officer detained defendant Angelo Atencio, believing him to be Paul Sackett (an individual known to the officer to have outstanding warrants for his arrest).  Defendant told the officer he was not Mr. Sackett and provided his name, but could not provide any identification.  The officer performed a patdown search of defendant and discovered a glass methamphetamine smoking pipe.  Defendant was

1

arrested and, after being searched, was found to possess two methamphetamine smoking pipes, both containing methamphetamine residue. The officer also found a plastic baggie containing six smaller baggies containing a gross weight of 1.46 grams of methamphetamine on the ground nearby, and two separate baggies containing a gross weight of 59.17 grams of marijuana in defendant's backpack. Defendant admitted the marijuana was his, but denied ownership of the methamphetamine.

Defendant was charged by criminal complaint with felony possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a) (count 1)), misdemeanor possession of more than 28.5 grams of marijuana (Health & Saf. Code, § 11357, subd. (c) (count 2)), and misdemeanor possession of a smoking device (Health & Saf. Code, § 11364.1, subd. (a)(1) (count 3)). The complaint alleged five prior prison terms[1] (Pen. Code, § 667.5, subd. (b)) and one prior strike conviction (Pen. Code, §§ 667, subds. (b)-(i), 1170.12).[2]

Defendant entered a negotiated plea of no contest to count 1 and admitted two prison priors (one for grand theft (§ 487, subd. (c)) & one for felony possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) in exchange for a stipulated five-year state prison sentence and dismissal of all remaining charges and enhancements with a *Harvey*[3] waiver.

The trial court suspended "imposition" of sentence and, finding this to be an unusual case, placed defendant on formal probation for three years subject to general

---

[1] The alleged prison priors included convictions for violation of Penal Code sections 211, 12020, subdivision (d)(1), 290, subdivision (a)(1)(A), 487, subdivision (c), and Health and Safety Code section 11377, subdivision (a). The prior strike alleged a conviction for violation of Penal Code section 211.

[2] Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

[3] *People v. Harvey* (1979) 25 Cal.3d 754.

condition numbers 1 through 15 and all special conditions as set forth in the probation report, including that defendant "obey all laws" and "serve 180 days as a probationary term with credit for time served, to wit, 50 days," and granted probation discretion to release defendant into a one-year treatment program.[4]  The court imposed a $300 restitution fine (§ 1202.4, subd. (b)) and a matching probation revocation fine, stayed pending successful completion of probation (§ 1202.44); a $40 court operations assessment (§ 1465.8); a $30 criminal conviction assessment (Gov. Code, § 70373); $195 for the criminal lab analysis fee plus penalties and assessments as set forth in the probation report; $585 for the drug program plus penalties and assessments as set forth in the probation report; and probation supervision fees of $164 per month for three months (§ 1203.1b).  The court reserved jurisdiction to determine victim restitution and found defendant had no ability to pay for the presentence investigative report and the public defender fees.

On January 16, 2015, the probation department filed a petition alleging defendant violated probation by providing three urine samples that tested positive for controlled substances; one sample tested positive for marijuana and two samples tested positive for both methamphetamine and marijuana.

Defendant admitted one of the alleged probation violations for providing a urine sample that tested positive for marijuana.  The trial court found him in violation of probation, terminated probation, and imposed a sentence of five years in state prison (the upper term of three years plus a one-year term each for two of the prison priors).  In imposing the upper term, the court noted there were no circumstances in mitigation and the circumstances in aggravation included that defendant's prior convictions as an adult were numerous and increasing in seriousness, he was on probation or parole at the time

---

[4]  The court also found defendant in violation of probation in case No. SCR95965 (not part of this appeal) and ordered him to serve a concurrent six-month probationary term.

3

the crime was committed, and his prior performance on probation and parole was unsatisfactory. The court ordered defendant to pay all fees and fines previously ordered, imposed the $300 probation revocation fine due in light of probation having been revoked, imposed a $300 parole revocation fine, stayed pending successful completion of parole (§ 1202.45), and awarded defendant 196 days of presentence custody credit (98 actual days plus 98 days of conduct credit).

## *WENDE* REVIEW

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *Wende, supra*, 25 Cal.3d 436, requesting the court to review the record and determine whether there are any arguable issues on appeal. Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

We have undertaken an examination of the entire record pursuant to *Wende*, and we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

                                   _____

                                   MURRAY, J.

We concur:

_____

NICHOLSON, Acting P. J.

_____

MAURO, J.

4